**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**CASE NO.: 1:26-cv-06739**

DAVID M. WILLIAMS,

    Plaintiff,

v.

SCOTT CROW AND CENTURY MODERN
LLC DBA EMERGENCY HEARTS,

    Defendants.

---

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

DAVID M. WILLIAMS ("Plaintiff"), by and through his undersigned counsel, hereby brings this Complaint against Defendants SCOTT CROW AND CENTURY MODERN LLC DBA EMERGENCY HEARTS ("Defendants") for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Williams brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to reproduce, distribute, and publicly perform—including by means of a digital audio transmission—his original copyrighted works of authorship, and for removal or alteration of copyright management information in violation of 17 U.S.C. § 1202.

2. Defendant Scott Crow is referred to herein as ("Crow"); Defendant Century Modern LLC is referred to herein as its dba, ("Emergency Hearts"); and Defendants Crow and Emergency Hearts are collectively referred to herein as ("Defendants").

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE

3.      Defendants intentionally removed Plaintiff's copyright management information ("CMI"), including his name as composer, producer, remixer, arranger, and artist, from digital releases distributed through streaming services and online music platforms.

4.      Defendants then replaced Plaintiff's CMI with the name "eMERGENCY heARTS," and, in numerous instances, with Defendant Scott Crow's own name, falsely representing Crow as the creator of the works at issue.

5.      Williams alleges that Defendants commercially exploited his copyrighted Works — reproducing, distributing, streaming, offering for download, and selling them — after removing his authorship information and, in numerous instances, substituting false authorship information, and retained the resulting revenue and royalties.  Defendants committed the violations alleged in connection with Defendants' business.

6.      Defendants' actions were knowing, intentional, and undertaken for the purpose of concealing Plaintiff's authorship, appropriating credit for Plaintiff's works, and preventing Plaintiff from exercising his rights under the Copyright Act.

## JURISDICTION AND VENUE

7.      This is an action arising under the Copyright Act, 17 U.S.C. §§ 501, 1202.

8.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

9.      Defendants are subject to personal jurisdiction in New York under N.Y. C.P.L.R. § 302.Crow solicited Plaintiff, a resident of New York, to create original musical works, and Defendants knew and intended that Plaintiff would create and deliver those works from New York. Over a period of approximately two years, Defendants transacted business within New York by directing communications, project instructions, and electronic payments into this State,

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE

and the claims asserted herein arise out of that transaction of business. Defendants further committed tortious acts causing injury to Plaintiff in New York; Defendants regularly transact and solicit business in New York, derive substantial revenue from goods used and services rendered in New York, and derive substantial revenue from interstate commerce; and Defendants expected, or reasonably should have expected, their acts to have consequences in New York. Defendants reproduced, distributed, and sold the accused works to customers in New York and in this judicial district through digital streaming and download platforms and through their distributor, Too Lost, LLC, whose operations are located in New York, New York. Defendants maintained an account with Too Lost, LLC and used that account to deliver Plaintiff's works to digital platforms. Except for alterations made on Bandcamp, the removals and alterations of Plaintiff's copyright management information alleged herein were carried out by Defendants through Defendants' own account on the Too Lost platform, which is where release metadata and credits are edited. Defendants thus purposefully and repeatedly availed themselves of a New York-based instrumentality to accomplish the conduct at issue, and the claims asserted herein arise directly out of that use.

10.    Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1400(a). A substantial part of the events giving rise to the claims occurred in this district, including Defendants' removals and alterations of Plaintiff's copyright management information, which were effected through Defendants' account on the New York-based Too Lost platform; the distribution of the accused releases through that same New York-based distributor; and the submission of the takedown notices and counter-notifications described herein. Defendants distributed and publicly performed the Works in this district, and Defendants are subject to personal jurisdiction in, and may be found in, this district.

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE

## PLAINTIFF

11.    Williams is a New York-based musician, producer and artist. Starting out, he was a part of the punk rock scene of Northern Texas. However, by the mid-1980s he had moved into Dallas's Deep Ellum scene and co-founded Decadent Dub Team with Jeffrey Liles and Paul Quigg. An early practitioner of sampling and "mash-up" collage, Williams wrote "Six Gun," which appeared on Island Records' 1987 compilation *The Sound of Deep Ellum*; a remix of it became one of the first production credits of a 22-year-old Dr. Dre, his first outside N.W.A., and landed on the gold-certified soundtrack to Dennis Hopper's *Colors* (1988), where Williams is credited as "D. Williams." In the 1990s, he was producing and writing in hip-hop, including on the Jungle Brothers "lost" Warner Bros. experimental album Crazy Wisdom Masters, later reworked and released as J. Beez Wit the Remedy (1993). In 2009, he joined and fronted the indie-rock band Beautiful Supermachines, whose releases included the album *Shut Up* and the *Consumed* EP. Williams has resided in New York since 2019 where he continues to create, produce and record innovative musical compositions.

12.    Williams is a composer, producer, arranger, remixer, recording artist and sound recording artist who authored numerous original musical compositions, sound recordings, remixes, and instrumental works. He created the original copyrightable contributions embodied in the Works identified in Exhibit 1 — including original instrumental compositions, arrangements, remixes, mixes, productions, and sound recordings. Certain of those Works were commercially released by Century Modern LLC through eMERGENCY heARTS ("eMERGENCY heARTS"); others Williams released independently, including on his own instrumental albums. Defendants' conduct at issue reached both categories.

## DEFENDANTS

13.    Defendant SCOTT CROW ("Crow") is an individual who, on information and belief, resides in Texas and and does business as "eMERGENCY heARTS." Crow is the principal actor who directed and carried out the conduct alleged herein. Crow resides at 25 Reese Drive, Sunset Valley, Texas 78745. .

14.    Defendant CENTURY MODERN LLC DBA EMERGENCY HEARTS ("Emergency Hearts") is a Texas limited liability company, owned and controlled by Crow, that produces and distributes music — including recordings authored by Plaintiff — and through which Defendants routed payments and label operations relating to Plaintiff's works. Century Modern LLC (Texas Secretary of State File No. 0802731830, formed May 26, 2017) maintains a mailing address of 25 Reese Drive, Sunset Valley, Texas 78745, and its registered agent is Crow.

15.    At all times relevant, Defendants owned and operated the website at https://www.emergencyhearts.com/. Defendants reproduced, distributed, and exploited Plaintiff's Works principally through digital streaming and download platforms (including Spotify, Apple Music, YouTube Music, and Bandcamp) by means of their distributor, Too Lost, LLC, and through physical vinyl and compact-disc releases, in addition to their own website.

## THE COPYRIGHTED WORKS AT ISSUE

16.    Plaintiff is the author and copyright owner of the forty-eight (48) original contributions to the Works identified in **Exhibit 1** — including his original instrumental compositions, remixes, arrangements, productions, and sound recordings. As to any Work that incorporates preexisting material Plaintiff did not author, Plaintiff's rights extend to his own original contributions and not to the preexisting material, consistent with 17 U.S.C. §103(b). Plaintiff does not, by this action, assert ownership of any preexisting material he did not author.

5

**SRIPLAW**

CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE

17.    Plaintiff has registered with the United States Copyright Office those Works identified in Exhibit 1 as registered (the "Registered Works"). True and correct copies of the certificates of registration are attached as Exhibit 2, which identifies the Works covered by each registration. The remaining Works identified in Exhibit 1 are the subject of Counts II and III, which do not require registration.

18.    The certificates of registration attached hereto as Exhibit 2 are: (a) registration SR 1-021-170 (effective December 12, 2024), covering the sound recording and music of "Strike! – Emergency Hearts mix"; (b) registration SR 1-022-566 (effective December 13, 2024), a group registration covering the eleven sound recordings published on the album Eine Kleine Nachtmusik; and (c) registration PA 2-536-462 (effective June 19, 2025), a group registration covering the sixteen musical compositions published on the album This Is Music That You Do Not Own: Instrumentals Volume 2.).

.

## FACTUAL ALLEGATIONS

19.    Beginning in approximately 2022, Crow solicited Plaintiff to create original remixes, instrumental compositions, arrangements, and other recordings for release through eMERGENCY heARTS.

20.    During the parties' relationship Plaintiff created dozens of musical works that were commercially released through eMERGENCY heARTS.

21.    Plaintiff created those works using his own studio, equipment, creative judgment, production techniques, and original source files.

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE

22.     Plaintiff was compensated on a project-by-project basis through electronic payments made by Century Modern LLC. Notably, there was no work-for-hire agreement executed between the Parties.

23.     At no point did Plaintiff assign or transfer ownership of his copyrights to Defendants.

24.     Digital releases and physical vinyl and compact disc releases issued by eMERGENCY heARTS identified Plaintiff as the composer, producer, remixer, arranger, or artist for numerous works now at issue. Defendants themselves released Plaintiff's works on physical vinyl and compact disc crediting Plaintiff by name, copies of which remain in Plaintiff's possession. Because those physical pressings cannot be retroactively altered, they establish that Defendants identified Plaintiff as the author before later substituting false authorship information in the digital metadata.

25.     In approximately June 2024, after Plaintiff provided Defendants with an estimate of streaming royalties generated by one of Plaintiff's releases.  Defendant refused to comply.. The parties' working relationship ended shortly thereafter, and Defendants then began removing and altering the copyright management information associated with Plaintiff's works.

26.     Immediately thereafter Defendants began systematically removing Plaintiff's name from metadata, credits, titles, producer fields, composer fields, and other copyright management information associated with Plaintiff's musical works. Notably, Plaintiff's authorship information was stripped while the credits of other contributing artists appearing on the same releases remained unchanged.

27.     Following the removal of Plaintiff's authorship information, Defendants affirmatively replaced Plaintiff's copyright management information with the name "eMERGENCY heARTS," falsely identifying the label as the owner, author and/or creator of works authored by Plaintiff.

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE

28.    Defendants subsequently replaced Plaintiff's authorship information on numerous recordings with Defendant Scott Crow's own name, falsely identifying Crow as the composer, producer, remixer, arranger, or creator of Plaintiff's musical works.

29.    In nearly every instance in which Defendants altered the copyright management information at issue, including on releases such as the Strike! EP, Defendants removed or altered only Plaintiff's authorship credits, while the credits identifying every other producer, artist, remixer, and composer appearing on the same releases remained intact and unchanged — a pattern of selective, manual targeting that cannot be explained by automation or system error. This is demonstrated by Exhibit 3.

30.    Likewise, on Plaintiff's arrangement and remix of "Rebellion," an original hip-hop interpretation of Concerto for Four Harpsichords, BWV 1065, Defendants removed Plaintiff's composer and arranger credits and substituted Crow's own authorship information despite Crow having contributed no copyrightable expression to Plaintiff's works.

31.    Likewise, on the release "My Soul," Defendants identified Crow as a composer, arranger, and producer in the credits distributed to digital platforms, although the cover art published by Defendants for that same release identifies only Plaintiff and Rykarda Parasol. Defendants' own artwork therefore contradicts the authorship information Defendants supplied to the platforms.

32.    On or about February 27, 2025 — after the effective date of Plaintiff's registration SR 1-022-566 — Defendants issued a new standalone commercial release titled "Until – eMERGENCY heARTS Instrumental Mix" (ISRC QZPEW2586022), which embodies Plaintiff's registered instrumental sound recording "All The Other Ways" (ISRC TLVEM2473749). Plaintiff did not authorize that release. Separately, and likewise after the effective date of Plaintiff's registration SR 1-021-170, Defendants relabeled Plaintiff's registered

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE

recording "Strike! – Emergency Hearts mix" as the "scott crow Mix" and added it to the Strike! EP without any new recording, contribution, or delivery from Plaintiff.

33.     Before the parties' dispute, Defendant Crow acknowledged Plaintiff's authorship in written communications and sought Plaintiff's direction regarding how Plaintiff wished to be credited on releases distributed through eMERGENCY heARTS.

34.     Upon information and belief, Crow also possessed knowledge of industry practices governing ownership and attribution, having circulated proposed artist agreements recognizing artist-retained copyrights, consistent metadata, and formal allocation of ownership rights.

35.     Despite that knowledge, Defendants removed Plaintiff's copyright management information only after Plaintiff disputed Defendants' newly asserted financial demands and ended the parties' business relationship.

36.     Defendants continued, and continue as of the date of this Complaint, distributing, streaming, marketing, licensing, and exploiting Plaintiff's works after altering the authorship information associated with those works.

37.     Plaintiff notified Defendants that removing and falsifying copyright management information violated the Digital Millennium Copyright Act and demanded that the authorship information be restored.

38.     Rather than correct the altered credits, Defendants escalated their conduct.

39.     Defendants submitted DMCA takedown notices directed at musical works authored exclusively by Plaintiff, including original instrumental recordings that incorporated no copyrightable material created or owned by Defendants.

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE

40.    Those takedown notices falsely represented that Defendants owned copyrights in Plaintiff's original works and that Plaintiff was infringing Defendants' purported rights by distributing his own music.

41.    Plaintiff disputed the takedown notices and sought restoration of his works through the procedures established by the Digital Millennium Copyright Act.

42.    Separately, Plaintiff submitted DMCA takedown notices to digital platforms directed at Defendants' unauthorized uploads of works authored and owned by Plaintiff.

43.    Defendants responded by submitting counter-notifications under penalty of perjury claiming ownership of works that Defendants knew Plaintiff had authored and owned.

44.    Upon information and belief, Defendants further represented to one or more digital music platforms that Plaintiff had withdrawn his complaints challenging the altered authorship information, causing platform enforcement actions favorable to Plaintiff to be reversed.

45.    Defendants also threatened Plaintiff in writing that they would cause Plaintiff's online music to "disappear" unless Plaintiff permanently ceased challenging Defendants' false ownership claims.

46.    Defendants' removal of Plaintiff's copyright management information, substitution of false authorship information, and submission of false copyright claims were knowing, intentional, and undertaken to conceal Plaintiff's authorship, interfere with Plaintiff's rights, and appropriate the commercial and reputational value of Plaintiff's creative work.

## INFRINGEMENT BY DEFENDANT(S)

47.    Defendants were never licensed to use the Works at issue in this action for any purpose without the appropriate credit. Any permission Defendants may have had extended only to the

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE

particular releases the parties agreed Defendants would issue during their working relationship, and ended no later than June 2024.

48.     On a date after the Works were created, but prior to the filing of this action, Defendants copied, distributed, and publicly performed the Works.

49.     Defendants copied the Works without the plaintiff's permission.

50.     After Defendants copied the Works, Defendants distributed and publicly performed them — digitally through streaming and download platforms and physically through vinyl and compact-disc releases — for Defendants' own commercial benefit, generating revenue and royalties that Defendants retained, and did so in connection with and to promote their business and record label..

51.     Defendants committed these violations alleged in connection with Defendants' business for commercial purposes.

52.     Plaintiff never gave Defendants permission or authority to copy, distribute or publicly perform the Works without the appropriate credit. Further, after June 2024, Plaintiff never gave Defendant permission to issue new releases embodying the Works at any time.

53.     Plaintiff notified Defendants of the allegations set forth herein in June of 2024 but to date the parties have failed to resolve this matter.

## COUNT I

## COPYRIGHT INFRINGEMENT

54.     Williams incorporates the allegations of paragraphs 1 through 53 of this Complaint as if fully set forth herein.

55.     Williams owns Works at issue in this case.

56.    Williams registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a) as evidenced by the certificates of registration attached as Exhibit 2. This Count is asserted as to the Registered Works.

57.    Defendants copied, distributed, and publicly performed the registered Works at issue in this case without Williams' authorization in violation of 17 U.S.C. § 501.

58.    Defendants performed the acts alleged in the course and scope of their business activities.

59.    Defendants' acts were willful.

60.    Williams has been damaged.

61.    The harm caused to Williams is irreparable.

## COUNT II

## REMOVAL OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION

62.    Williams incorporates the allegations of paragraphs 1 through 53 of this Complaint as if fully set forth herein.

63.    The Works at issue in this case contained copyright management information ("CMI") that Williams uses to identify and associate himself with his Works.

64.    As demonstrated on Exhibit 3, Defendants knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Works at issue in this action in violation of 17 U.S.C. § 1202(b).

65.    Plaintiff's name, credits, composer information, producer information, arranger information, remix credits, artist identification, and related attribution constituted copyright management information within the meaning of 17 U.S.C. § 1202(c).

66.    As demonstrated on Exhibit 3, Defendants intentionally removed and altered that copyright management information without Plaintiff's authority.

67.    Defendants knew, or had reasonable grounds to know, that removing Plaintiff's copyright management information would induce, enable, facilitate, or conceal infringement and other violations of Plaintiff's rights under the Copyright Act.

68.    Plaintiff has suffered damages as a direct and proximate result of Defendants' violations of 17 U.S.C. § 1202(b).

## COUNT III

## PROVISION OF FALSE COPYRIGHT MANAGEMENT INFORMATION

69.    Williams incorporates the allegations of paragraphs 1 through 53 of this Complaint as if fully set forth herein.

70.    As demonstrated on Exhibit 3, Defendants knowingly provided and distributed false copyright management information by identifying eMERGENCY heARTS and/or Crow as the author, composer, producer, arranger, remixer, or other creator of works authored by Plaintiff.

71.    As demonstrated on Exhibit 3, Defendants provided and distributed such false copyright management information with the intent to induce, enable, facilitate, or conceal infringement and other violations of Plaintiff's rights under the Copyright Act.

72.    Plaintiff has suffered damages as a direct and proximate result of Defendants' violations of 17 U.S.C. § 1202(a).

73.    The harm to Plaintiff is irreparable.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants and:

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE

A.      Enter a declaration that Williams is the author and owner of the copyrights in the Works and that Defendants have no ownership interest in the Works absent a valid written transfer or other legally cognizable basis for ownership;

B.      Defendants be required to pay Williams' actual damages and Defendants' profits attributable to the infringement, or, at Williams' election, statutory damages, as provided in 17 U.S.C. §§ 504, and 1203;

C.      Enter appropriate injunctive relief restraining Defendants from reproducing, distributing, publicly performing, and preparing derivative works based upon the Works, and requiring Defendants to cease removing, altering, or providing false copyright management information concerning Plaintiff's works and to cease asserting ownership of Plaintiff's works without a lawful basis;;

D.      Williams be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

E.      Williams be awarded pre- and post-judgment interest; and

F.      Williams be awarded such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Williams hereby demands a trial by jury of all issues so triable.

Dated: August 6, 2026                    Respectfully submitted,

                                        */s/ Joseph A. Dunne*
                                        JOSEPH A. DUNNE
                                        New York Bar Number: 4831277
                                        joseph.dunne@sriplaw.com

                                        JORDAN I. ABISROR
                                        Jordan.abisror@sriplaw.com

                                        **SRIPLAW, P. A.**

14

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE

41 Madison Avenue
25th Floor
New York, New York 10010
929.200.8446 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff David M. Williams*

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE